The United States of America v. Jeffrey Betts. Mr. Vogelbaum? That's correct, your honor. Thank you. Martin Vogelbaum for Jeffrey Betts. In this case, your honors, the district court imposed a special condition of supervised release that prohibited my client, Mr. Betts, from any use of drugs not further specified and any use of alcohol. That is an unusually broad condition of the sort that this court has repeatedly said would be subject to special scrutiny. Additionally, in this case on a supervised release violation, the district court imposed between the 10-month sentence of imprisonment and the four years of additional supervised release that were ordered an aggregate sentence that amounted to two months shy of the statutory maximum. Typically, we would expect that kind of sentence to be reserved for the worst offender or the worst offenses, and it's our position that the record in this case shows that this doesn't qualify for that kind of sentence. Turning to the condition of supervised release, in order for it to stand, it has to be reasonably related based on an individual assessment of Mr. Betts to the statutory sentencing factors at 3553A, at least one of them, such that imposition of the condition would further one of the purposes of sentencing, for example, specific deterrence of Mr. Betts or protection of public safety. But the record here simply doesn't bear a finding that that kind of individual assessment was conducted or that the condition would actually further one of those purposes. Mr. Betts simply doesn't have a history of drug use or alcohol use that is in any way related or demonstrated to be related to, for example, his criminal behavior. In that sense, this case is unlike a case like Chalk Lotter in which the defendant had a really extensive criminal history and it included a DWI offense. In other words, an offense that clearly showed that his out-of-control drinking posed an immediate and visceral danger to the public. There's nothing like that here. There is nothing in this case, notwithstanding the fact that my client had, when he was seventeen years old, a misdemeanor drug charge, and when he was twenty-one, a conviction for sale of cocaine. There's nothing to suggest that his commission of those offenses was fueled by the need to provide for his own personal addiction. The court, didn't the court find that his binge drinking was responsible not for the basic offense, but for the offenses that qualified as violation of supervised release, which is what he's being sentenced for? Mr. Betts I think that's an argument the government makes in its pleadings, but I don't think that the district court itself found that. I don't think that . . . what the government suggests in its brief is that the district court was familiar with this defendant and had the belief that when he was in his twenties, up until about thirty, he would have six or seven shots of tequila on the weekend with his friends. What the PSR also showed is that neither Mr. Betts nor his mother, who was the confirming source, believed that this had anything to do with a negative impact on his criminal behavior or his life generally. Further, he was on pretrial release for ten months in that case. He tested positive for marijuana on the first day when he was released, presumably residually, and then had no further violations. In the instant case, upon his release from prison in 2013, he went thirty-six months with no suggestion of any kind of use of illicit drugs or excessive use of alcohol or anything. Mr. Vogelbaum, you're with the Federal Public Defender's Office . . . That's right. . . . in Buffalo. So you have a lot of experience dealing with petitions for violations of supervisory release, and you have a lot of experience with the imposition of conditions of supervisory release. These seem to me to be entirely routine and entirely, if not appropriate, at least nothing to even comment on. They're not exactly unusual, are they? They are unusual, Judge. I think they're not . . . what I can represent to the Court is that with this particular district judge, perhaps not. It's my understanding, although most of my work is appellate, that this district judge does frequently impose a complete prohibition on any drug or alcohol use, but generally speaking, that's not the case. What decree do you want from us? What's the remedy? The remedy, Your Honors, is for this Court to vacate the sentence and send it back for re-sentencing as to the duration of the term of supervisory release and as to the conditions of supervisory release, to send it back with directions to be re-sentenced without the imposition of the total prohibition. Are you asking for that, or are you asking for the district court to give reasons why these specific conditions have been placed? We have many cases which say that where something is not a special condition is not obvious on the face of the record, the district court must explain. You're now asking us to do something else to say that he couldn't do it, and I'm not sure I know whether he could do it or not, unless I know why he did it, which is why we have those cases. I'm a little puzzled by what you're asking. I understand, Your Honor. However, the reason I'm asking for that, well, there are a couple of reasons. First of all, one would have thought that had this been an appropriate condition, it would have been imposed in anticipation of Mr. Betz's original supervisory release, which of course is closer in time . . . Yes, but you're asking us to make a decision as to something the district court hasn't told us. He may have reasons. He's been very much concerned with this defendant, because of which he thinks these are appropriate now, even if they weren't earlier. It may be that you're right, and that the district court hasn't told us. How can we say that if we don't know what the reasons for the court was? For two reasons, Judge. Well, three. First of all, he's had two opportunities now, the original sentencing and this violation, to put the reasons on the record, and there don't seem to be any, nor has probation, for that matter, in its submissions offered any. Additionally, this court has also said that ordinarily the mechanism of modification would be one way to handle this situation. If this court vacates the condition and sends it back for resentencing without the condition, if in time probation or the district court finds having the benefit of this court's analysis and further observation of Mr. Betz's behavior, that in fact zero tolerance is warranted, then probation can petition for a modification and the court can set out its multiple opportunities to set out the reasoning, and Mr. Betz shouldn't continue to be subject to a restrictive condition, which simply is not supported by the record. Thanks, Mr. Vogel. I've given you some extra time. You have reserved some time, but you'll have a minute to respond later. Good afternoon, Your Honors. Elizabeth Mollering, Assistant United States Attorney for the Western District of New York for the United States. This is a case where the sentencing judge has discretion to provide a reasonable sentence in consideration with the statutory factors, as laid out in 18 United States Code 3553 for the sentence and 3583 for the conditions. The sentence here of ten months on a supervised release violation in prison and four years supervised release following that was completely reasonable considering what the district court found was the terrible noncompliance of this defendant. Moreover, even under the relaxed standard of plain error, the special conditions here banning all alcohol use and providing for substance abuse testing with zero tolerance for failed tests was reasonable considering the defendant's past noncompliance with conditions of supervised release as well as his history of alcohol and drug use. Just a moment. His past bad behavior justifies a longer period of jail or of supervised release. It doesn't justify putting conditions that are penal that have nothing to do with his violations. We've held that again and again in summary orders. It may be that these conditions have to do with his past behavior, but the district judge didn't give us any explanation of the link. As to alcohol, it's very hard to see anything on the record that supports it. As to drugs, but we have recently in summary orders in some pornography cases thrown out things where the link was much more obvious because there were no reasons. Now, why shouldn't we send it back and say to the district judge, tell us why these special conditions make sense? Then the district judge can put the very same conditions if he has a reason for it. Judge Fischer. Judge, I think two reasons. One, under this court's precedent in Balin, which your Honor was part of, this court can look to what's in the record and for support that's evident in the record. The PSR, I do think, comes into play and allows us to consider the defendant's history, which this was the original sentencing judge, so he is well aware of this defendant's history for regular drinking and regular marijuana use. I also think that the district court showed us in some of his reasoning the about how the defendant's noncompliance, and I understand your Honor's point that the 3583 and the 3553 factors are different in that the 83 does not include promoting respect for the law and that that's not a valid reason to include a special condition. But what the court here said is the district, he was very concerned, this judge is very concerned with this defendant's ability to follow the rules and to follow the probation. He sees a probation officer, he says they're an arm of the court, they're my arm out there.  . Court, judge스퀑 . Let me ask another related question. Was that special condition recommended by the U.S. Probation Office? That's also not in the record as being recommended. So we don't see that. We don't know either way. We have special conditions relating to drug and alcohol use, correct? Yes. And that's not a problem here? Or it's not an issue here? Well, I do believe that the special condition for substance abuse testing here in that it's special in that Judge Arcaro ordered a zero tolerance for a failed test, and that is a special condition. And the government's point on that, Your Honor, I see my time has concluded, but if I may just finish, is that the remedy or what will happen if there is a failed test is that the defendant would be brought back before Judge Arcaro, who would then have the opportunity to decide. It's not such that he's immediately thrown in jail. The judge will still have discretion on the zero tolerance. Okay. Thanks very much. Thank you, Your Honors. Mr. Vogelbaum? You've reserved two minutes, but consumed more than that. But take a minute, if you would. Thank you, Your Honor. Just a few brief points. First, as to the standard of review, I just wanted to point out that it's not only not the case that probation didn't raise this as a special condition, the government didn't seek it, nor did the district court give advance notice of it. We do think that a soft plain error standard of review is what's appropriate here. Now, that's with respect to alcohol. That is with respect to the special condition. What about the special conditions relating to drug and alcohol use? I think that . . . I mean, none of that was noticed to Mr. Batts or his counsel ahead of time. I would say the Soski standard applies to all of that, whereas for the reasonableness argument, it would be abuse of discretion. On the reasonableness argument, I would just point out that Judge Arcaro was understandably upset, and particularly so apparently, about what's been termed absconding here. I don't want to minimize the absconding. I would point out that it doesn't appear that this was a matter of fleeing the jurisdiction. It seems like it was more like he stopped reporting after being told there was a pending violation. Further, he did have 36 months of what probation characterizes as not entirely satisfactory compliance with his supervisory release, but without violations. He was working. He had substantial community support, as evidenced by letters that are in the record here. He was in a stable relationship. Lastly, just as to the disinhibiting effects of alcohol, which seems to be the government's primary rationale for saying that this is something that will help him follow the rules, which is Judge Arcaro's concern, it still begs the question . . . alcohol is disinhibiting for everyone, and if that is a sufficient rationale, then that condition, an absolute prohibition, is appropriate for every defendant, and yet that would not be consistent with this Court's precedence, which would ask, I think, how does the particular individual, what is his relationship with alcohol, and does that bear specifically on his behavior, and there simply is no evidence of that here. But the special condition requiring a periodic testing for the use of controlled substances doesn't seem to me to raise the same questions, right? I think the primary . . . and that's sort of duplicative of Standard Condition 7, really, which calls for testing anyway, and which is why Standard Condition 7, we think, is adequate to cover both the concerns, if there are any, about drugs and about alcohol. Would it be functionally different? Let's assume for the argument you prevail on the special condition requiring periodic testing for controlled substances, you'd still be required to periodically test for controlled substances, right? Right. I think the principal objection to the drug component of the special condition is that it's completely not specific to illegal drugs or drugs without a prescription. It simply says zero tolerance for any drugs. While it's a practical matter, it may be that Judge Arcaro had illegal drugs in mind for . . . That's almost the Scrivener's error, right? You can modify that easily enough. In fact, we could do that for him. It's a Scrivener's error. It wouldn't take much language to fix it. But as to Mr. Betz, of course, he doesn't want to be in the position of somebody on the end of a violation having a lot more discretion than they should probably have. I have another question. If something is a special condition and it is violated, does the case immediately go to the judge? Well, if it is a general condition that is violated, is there some discretion before you bring the probation wherever they bring it to the judge? Is there some procedural difference in the two? I believe that varies by district judge. With Judge Arcaro, it is my understanding that violations of his zero tolerance policy do require probation to report immediately any violation to him. My question there is, is that then the zero policy to be treated as a special condition for which a reason should be given because of a different procedure, or is it not that? I haven't been able to find anything on that, so that we don't know if a reason, an explanation should be given, or if it is just a matter of course as it appears to be in Judge Arcaro's court. If I understand the court's question correctly, I think the issue is not the procedure by which the violation does or does not get to the district judge. Our concern would be ex ante, is the condition itself justifiable? Thank you. Thank you very much.